BENJAMIN POYER

V.

VILLAGE OF DESPLAINES.

*Municipal Corporations—Power of, to require Owners of Row Boats and Skiffs to Obtain Licenses—Ordinance of the Village of Desplaines— Whether Reasonable.*

1.  The Village of Desplaines has authority, under the general statute in relation to the incorporation of cities and villages, to require the owners of skiffs and row boats, used within its limits, to obtain and pay for licenses before letting them for hire.

2.  The ordinance in question, in the case presented, is held not to be unreasonable, the price to be charged being wholly within the legislative discretion of the Board of Trustees of the village.

[Opinion filed June 15, 1887.]

APPEAL from the Criminal Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Statement by BAILEY, J.   This was a prosecution for a violation of an ordinance of the village of Desplaines, brought by said village against Benjamin Poyer before a police magistrate, and afterward taken by appeal to the Criminal Court. The cause being tried in that court, by agreement of parties, without a jury, the defendant was found guilty and adjudged to pay a fine of $15 and costs, and from that judgment he has appealed to this court.   At the trial the Village of Desplaines introduced in evidence an ordinance of said village, passed June 7, 1886, as follows:

" Section 1.   No person or persons shall hire out, keep or use for hire, or cause to be kept or used for hire, or for the carrying or conveying of persons within the Village of Desplaines for hire, any steamboat, sail-boat, row-boat, skiff, or other water craft of any description or name whatever, without a license so to do.

" Section 2.   The President of the Board of Trustees is

hereby authorized to license, under his hand, attested by the clerk and the seal of the village, any person or persons, residents of said village, over the age of twenty-one years, and being the owner or owners of any or either of the said boats or water-craft, to keep and use for hire and the conveyance of persons, any or either of said boats or water-craft, upon satisfactory proof being made by each applicant for license, that the boat, skiff, or water-craft for which a license is sought is safe and suitable for the purpose intended, and paying a license hereafter fixed.

" Section 3. It shall be the duty of the village clerk to keep a register of the names of persons to whom each license is granted, the date when issued, the number of the license, and the description of the boat or water-craft licensed. All licenses granted under this section, shall, unless revoked, continue until the first day of May next after the date of issuing.

" Section 4. Every person so licensed shall forthwith cause the name of the owner and the number of his license to be plainly painted in letters at least one and a half inches in length, in a conspicuous place on the outside of each side, near the bow of each boat, skiff or water-craft, and shall keep the same plain and distinct at all times when used, during the continuance of such license, but upon the expiration or revocation of such license, such person shall immediately cause the said name and number to be erased from said boat, and shall not allow said boat to be used with said name and number thereon.

" Section 5. Any person who shall keep or let any boat, skiff or water craft of any kind for the conveyance of persons within the Village of Desplaines for hire or reward, without being licensed as aforesaid, shall be liable to a fine of not less than $15 nor more than $25 for each and every such offense.

" Section 6. There shall be charged and paid to the Village Clerk for the use of the village, on issuing each of said licenses, by the party to whom granted, the following sums: For each sail or steam-boat, the sum of $25 per annum. For each skiff or row-boat, $5 per annum. For each water-craft not enumerated above, $5 per annum."

The remaining facts in the case were shown by stipulation, and were as follows: Benjamin Poyer is the owner and keeps for hire certain skiffs which are propelled by the use of oars on the Desplaines River, within the corporate limits of the Village of Desplaines. Said skiffs are hired out by him to persons applying to him for the same, to be used for the purpose of pleasure only, and said Poyer keeps them only to be hired by the hour, to be used by the person who hires the same for the purpose of paddling the same up and down the Desplaines River. On the —— day of July, 1886, said defendant rented to one John Brown a skiff, at the Village of Desplaines, to be used by him for one hour, and charged and received from said John Brown, for the use of the skiff, the sum of 25 cents. Said defendant did not have nor did he attempt to procure a license from the Village of Desplaines for the privilege of so renting said skiff. The Village of Desplaines is a village of about 700 inhabitants, and the place where the defendant keeps his boats is about forty rods from the village proper, but within the corporate limits thereof. No steam-boat, sail-boat, row-boat, water-craft or any other vessel known to the carrying trade of the country ever visits, touches at, anchors in front of or lands at any landing place within the Village of Desplaines, except little skiffs that are paddled by oars, and no landing place is maintained by the village except as aforesaid. Benjamin Poyer, the defendant, is a resident of said village.

Mr. JOHN GIBBONS, for appellant.

Messrs. C. S. CUTTING and STILES & LEWIS, for appellee.

BAILEY, J.    The evidence shows the passage by the Village of Desplaines of the ordinance in question, and we are of the opinion that the facts admitted by the stipulation of the parties show, beyond controversy, that the defendant is guilty of a breach of its provisions and is liable to the fine which the court imposed, unless we are compelled to hold that the ordinance itself is invalid. The defendant challenges the validity

of the ordinance upon the grounds, first, that the village had no power under its charter, to pass it, and second, that its provisions are unreasonable.

The Village of Desplaines is a corporation organized under the general statute in relation to the incorporation of cities and villages, and among the powers granted by that statute to the President and Board of Trustees of villages incorporated thereunder, are the following: " To control and regulate the anchorage, moorage and landing of all water-craft and their cargoes within the jurisdiction of the corporation.    To license, regulate and prohibit wharf-boats, tugs and other boats used about the harbor or within such jurisdiction." R. S. Chap. 24, Sec. 62, Subdivisions 34, 35.    While it is true that there is no harbor, properly so called, within the boundaries of said village, the Desplaines River, a stream of sufficient size to admit of being navigated by skiffs and row-boats and purposes of pleasure and recreation, runs through the village, and boats of that character are being used upon it.    It seems scarcely to admit of question that the language of the statute above quoted is sufficiently broad to include all such boats.    It appears that wharf-boats, tugs and other boats, without limitation as to their character or size, used within the jurisdiction of the corporation, are included.    That the skiffs in question are boats used within the Village of Desplaines is admitted, and the power of the Village of Desplaines to require the owner of such skiffs to obtain and pay for a license before letting them for hire or reward within the village seems to us to admit of no reasonable controversy.

Nor are we able to see that the ordinance is in any respect unreasonable.    It imposes a license fee of $5 per annum, and requires the owner to obtain a license for each skiff and cause his name and the number of his license to be painted thereon before using it.    There is certainly nothing unreasonable in this unless it is the price charged for a license, and there is nothing in the record from which it can be seen that such price is not entirely fair and just.    The amount to be charged for a license is a matter wholly within the legislative discretion of the Board of Trustees of the village, and we are not prepared

to say that the courts would be at liberty to refuse to enforce the ordinance, whatever might be the amount of the license fee charged. If it were so large as to be practically prohibitory, the statute empowers the Board of Trustees not only to license but to prohibit the use of boats within its jurisdiction.

We are of the opinion that the judgment of the court below is warranted by the evidence, and it will therefore be affirmed.

*Judgment affirmed.*